UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,      )<br>                                                            )<br>            Plaintiff,                          )<br>                                                            )<br>   v.                                                    )<br>                                                            )   Case No. 23-CR-30047<br> ADAM RAY MOUSER,                  )<br>                                                            )<br>            Defendant.                       ) | |

### ORDER OF DETENTION

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f) and § 3143, after the granting of a motion by the government for review and revocation of a release order, a detention hearing was held in this case on September 5, 2023, and on September 8, 2023, the Court entered an order which determined that the defendant, Adam Ray Mouser, must be held without bond pending further proceedings.

The Court has considered all of the factors listed in 18 U.S.C. §3142(g) and all of the evidence and information presented by the parties and in the Pretrial Services Report relating to those factors. The Court also reviewed the recording of the initial detention hearing before Judge McNaught on September 1, 2023. After weighing those factors and the available evidence, the Court concludes the United States' motion for detention should be allowed.

1

The Court finds that based upon the clear and convincing evidence presented at the detention hearing, the defendant is unlikely to abide by any condition or combination of conditions of release, and that no conditions of release exist that would reasonably assure the appearance of the defendant and the safety of any other person and the community.

### Findings of Fact and Reasons Detention Required

Based upon the credible evidence and information received during the defendant's detention hearing, the Court finds:

1. Section 3142(g) sets forth factors that the court is to consider in determining whether there are any conditions of release that will reasonably assure the appearance of the defendant as required or the safety of any other person and the community. Those factors include: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. The factors set forth in Section 3142(g) favor detention of the defendant.

2. The nature and circumstances of the offense charged supports a finding of detention. The defendant is charged with a crime of violence – threatening to kill the President of the United States of America, the former President, and other persons protected by the United States Secret Service. The defendant's repeated threats also include threats to murder law enforcement officers and their family members and are "indicative of an individual who is unphased by bond conditions." R.16 (citations omitted).

3. That based on the proffer by the government, the weight of the evidence against the defendant is "compelling and favors detention." R.16. The government's evidence includes social media posts by the defendant as well as a video recorded interview of the defendant which occurred on August 23, 2023.

4. As it relates to the history and characteristics of the defendant, while he has strong ties to Central Illinois, he also has a history of violating court-imposed orders of protection which supports a finding that the there is no condition or combination of conditions which will reasonably assure the safety of any other person and the community. The defendant self-reports mental health issues but indicated an adamant refusal to take prescribed medication which would serve as an obstacle for successful mental health treatment.

5. The nature and seriousness of the danger to the alleged victims and the community weighs in favor of detention. The defendant made repeated violent

threats to murder multiple people, these threats were not isolated to a short period of time but rather occurred over several days and continued even after law enforcement came to the defendant's home. At that time the defendant reaffirmed his desire to murder the President of the United States, stating "I said all of it and I meant every F---ing word of it." R.11 at Government Exhibit 1. The defendant went on to say, "Yeah I said it and I absolutely hope that pedophiles die and if I ever see one in person I will murder it regardless of whether the Secret Service is f---king protecting it. Is that cool enough for you?" *Id.*

**IT IS THEREFORE ORDERED** that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a Court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a Court proceeding.

ENTER: September 19, 2023

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE